RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/20/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

FREDERICK BODISON                    DOCKET NO. 14-CV-2848; SEC. P

VERSUS                               JUDGE DRELL

WARDEN                               MAGISTRATE JUDGE KIRK

<u>REPORT AND RECOMMENDATION</u>

*Pro se* Petitioner, Frederick L. Bodison, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on October 1, 2014. [Doc. #1] Petitioner is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He complains of a wrongful disciplinary conviction, and he asks that the conviction be expunged from his record and his good time restored.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

*Factual Background*

Petitioner alleges that in 2013, he was accused and convicted of a disciplinary violation for introducing narcotics through the mail room at Federal Correctional Complex - Coleman, in Florida. He complains that he was deprived of due process with regard to the disciplinary proceeding, and that there is insufficient evidence to support the conviction.

It was alleged that, on June 17, 2013, the mail room noticed

that a greeting card addressed to Petitioner contained several pieces of white fabric. [Doc. #6-2, p.1] The fabric tested positive for cocaine. On June 18, 2013, another card arrived addressed to Petitioner with more white fabric inside the card. This fabric also tested positive for cocaine. [Doc. #6-2, p.1] A search of Petitioner's property revealed more greeting cards, one of which tested positive for cocaine. Petitioner's phone conversations with his wife were reviewed, and it was discovered that, on June 6, 2013, Petitioner told his wife, "You know those little card things? If you double them up that would be great!" [Doc. #6-2, p.1] Petitioner had a discussion with his wife about the thickness of the card with the fabric inside. The investigation department determined that Petitioner was having his spouse send narcotics through the mail. The hearing officer determined that the greater weight of the evidence supported a conviction, despite Plaintiff's contention that the white fabric was used for cleaning Plaintiff's gold teeth. [Doc. #6-2, p.1]

### Law and Analysis

Generally, a federal prisoner must fully exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. §2241. See Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir.), cert. denied, 541 U.S. 1036, 124 S.Ct. 2112, 158 L.Ed.2d 722 (2004); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); see also Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993).

Plaintiff submitted evidence that he appealed his disciplinary conviction to the regional office level on January 10, 2014. The Regional Director denied relief on February 7, 2014. [Doc. #6-2, Regional Level Response]  Plaintiff submitted an appeal to the Central Office on or around March 14, 2014, but it was rejected for not following proper procedure; specifically, Petitioner failed to submit a copy of the regional office appeal or a copy of the response from the regional director.  Petitioner was instructed that he could resubmit his appeal in the proper form within 15 days from the date of the rejection letter. He alleges that he did not receive any further response, but he offers no proof that he actually resubmitted his appeal to the Central Office level.  Thus it is unclear whether Petitioner actually properly exhausted his claim.

To the extent that Petitioner did properly exhaust and simply received no response from the Central Office, his claim is still subject to dismissal.  "The findings of a prison disciplinary hearing will not be disturbed unless they are arbitrary and capricious." Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir.1995) (citing Smith v. Rabalais, 659 F.2d 539, 542 (5th Cir.1981)), cert. denied, 455 U.S. 992 (1982). The reviewing court must, therefore, ascertain whether a decision from a disciplinary hearing is supported by evidence. See id.  In addition, such a hearing must comport with certain procedural requirements: (1) advance written

notice of the disciplinary charges; (2) an opportunity for the prisoner, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985); see also Banuelos, 41 F.3d at 234. Since prison disciplinary proceedings are not part of a criminal prosecution, the prisoner is not afforded "the full panoply of rights." Wolff, 418 U.S. 539, 556 (1974).

Petitioner complains that he was denied the right to call witnesses at his disciplinary hearing. [Doc. #1, p.14/17] He claims that, had his witnesses been allowed to testify, they would have proven that he was not selling narcotics at the facility. [Doc. #1, p.14-15] An "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense *when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.*" Wolff v. McDonnell, 418 U.S. 539, 566 (1974). However, the right to call witnesses is not absolute. That is, "[t]he right to call witnesses, like other due process rights delineated in Wolff, is thus circumscribed by the necessary 'mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application.'" Baxter v.

Palmigiano, 425 U.S. 308, 321 (1976)(quoting Wolff v. McDonnell, 418 U.S. at 556). Although the Supreme Court has determined that due process does not require prison authorities to state the reason for refusing to call a witness at a disciplinary hearing, they have suggested that it would be "useful." Wolff v. McDonnell, 418 U.S. at 566.

Petitioner claims that his witnesses would have testified that he did not sell drugs at the facility. However, Plaintiff was not convicted of **selling** drugs. Rather, he was convicted of violating Code 111A – "**Introduction** or Making of any Narcotics... not Prescribed for the Individual by Medical Staff (Attempted)." (Emphasis Added) Thus, even assuming the witnesses would have testified as Plaintiff claims – that he was not selling drugs at the facility – it would not have affected the outcome of his disciplinary hearing since his conviction was not based on the sale of drugs. See Banuelos v. McFarland, 41 F.3d at 234-35 (denying prisoner's due process claim that a disciplinary hearing officer failed to call defense witnesses where the testimony of such witnesses would not have changed the outcome of the hearing and thus the prisoner did not demonstrate prejudice).

Next, Petitioner claims that he was not provided with exculpatory evidence. He does not identify what exculpatory evidence exists, but he challenges the validity of the drug tests, which determined that the pieces of white fabric that Petitioner

5

received in the mail contained cocaine. If the drug tests detected cocaine on the fabric and the card, it obviously would not be exculpatory in nature. Moreover, Petitioner has not identified any right to have exculpatory evidence turned over to him at a disciplinary hearing. As noted above, the full panoply of rights afford in a criminal prosecution is not afforded in a disciplinary proceeding. See Wolff, 418 U.S. at 556. He was only entitled to advance written notice of the disciplinary charges, an opportunity to call witnesses and present documentary evidence in his defense, when consistent with institutional safety and correctional goals, and a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. See id. He has not shown that he was deprived of any guaranteed rights.

To the extent that Petitioner claims there was insufficient evidence to convict him, his claim also fails. "Prison disciplinary proceedings are overturned only where **no evidence** in the record supports the decision." Broussard v. Johnson, 253 F.3d 874, 877 (5th Cir. 2001)(emphasis added). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001). Clearly there was "some evidence" in this case, including multiple pieces of fabric, which tested positive for cocaine, a card in Petitioner's possession that tested positive for cocaine, and recorded telephone conversations between Petitioner

6

and his wife. The information provided in a written incident report, standing alone, can satisfy the "some evidence" standard. Hudson v. Johnson, 242 F.3d at 536-37. Thus, it cannot be said that there is "no evidence" to support the conviction.

### Conclusion

The Court has given the petition preliminary consideration pursuant to 28 U.S.C. § 2243[1] and Rule 4 of the Rules Governing §2254 Cases in the United States District Courts,[2] which is applicable to §2241 petitions under Rule 1(b).[3] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED with prejudice**.

### Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days**

---

[1] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[3] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

[4] Id. at PROC. R. 4.

from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of January, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE